IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL LOUISE SCHAFFER )
) No. 17-307
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability insurance benefits and supplemental security income. She alleged mental and physical impairments, including those stemming from fibromyalgia and bipolar disorder. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.     STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II.     THE PARTIES' MOTIONS

Plaintiff asserts that the ALJ erred in affording great weight to non-examining consultant's psychiatric reports, authored in 2014, and affording less weight to the opinion of Dr. John, her

2

treating psychiatrist of three years. In particular, Plaintiff contends that the consultant was unaware of the subsequent two years of psychiatric records, including Dr. John's report. Plaintiff further argues that the ALJ failed to develop the record regarding Plaintiff's minimal activities of daily living and her loss of child custody, and did not account for her testimony regarding use of her hands.

As regards the state agency consultant, the ALJ considered the opinions against the medical evidence of record, as well as Plaintiff's activities; he rejected the portion of the opinions that limited Plaintiff to light work, and restricted her to sedentary work instead. In so doing, it is apparent that the ALJ reviewed the entirety of the medical record, and evaluated but did not "rubber stamp" the consultant's opinion. "[I]t is not improper to rely on a medical opinion even though years have passed between the date the opinion was issued and the date the ALJ issued his or her decision." Burkhart v. Colvin, No. 16-1755, 2018 U.S. Dist. LEXIS 208694, at *67 (M.D. Pa. Aug. 29, 2018). As for Dr. John's records submitted subsequent to the ALJ's September 23, 2016 decision, Plaintiff has not demonstrated good cause for failing to submit the evidence earlier. Moreover, "although evidence considered by the Appeals Council is part of the administrative record on appeal, it cannot be considered by the District Court in making its substantial evidence review . . . ." Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001).

Finally, as to the remainder of Plaintiff's contentions, remand is not warranted. "[The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…Substantial evidence could support both Plaintiff's claims and the ALJ's findings…." Weidow v. Colvin, No. 15-765, 2016 U.S. Dist. LEXIS 139683, at *57 (M.D. Pa. Oct. 7, 2016). Further, although the Court is sympathetic to

Plaintiff's physical difficulties, it is well settled that the mere existence of a diagnosis does not equate to disabling limitations. Cornelius v. Berryhill, No. 17-272, 2019 U.S. Dist. LEXIS 12730 (W.D. Pa. Jan. 28, 2019). Again, the scope of available review available to this Court is limited; I cannot reweigh the evidence anew.

## CONCLUSION

In conclusion, for the foregoing reasons, Plaintiff's Motion will be denied and Defendant's granted. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: March 21, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL LOUISE SCHAFFER )
) No. 17-307
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 21st day of March, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court